Sheridan Green (SBN: 24083103)
Sheridan Green Law PLLC
40 Cypress Creek Parkway, Ste. 349
Houston, Texas 77090
Tel: (435) 668-9494
Fax: (210) 899-0476
*Counsel of Record for Petitioner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MANJOT SINGH SOHAL<br>        Plaintiff,<br><br>    v.<br><br>JEFFERSON B. SESSIONS, UNITED STATES ATTORNEY GENERAL; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; KIRSTJEN NIELSON, SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MARK SIEGL, HOUSTON FIELD OFFICE DIRECTOR<br><br>        Defendants. | No. 4:18_____ |

PLAINTIFF'S PETITION FOR A HEARING ON NATURALIZATION UNDER SECTION 1447B AND PETITION FOR WRIT OF MANDAMUS UNDER THE ADMINISTRATIVE PROCEDURE ACT AND THE FEDERAL MANDAMUS STATUTE

1

## INTRODUCTION

1. Plaintiff Manjot Sohal is a citizen of India and a lawful permanent resident of the United States since 2004. His alien number is 055714199.

2. Plaintiff holds a degree in petroleum engineering from Texas A&M University, is gainfully employed, and regularly provides voluntary community service at the Sikh National Center.

3. On Dec. 5, 2016, Plaintiff filed Form N-400, Application for Naturalization. On March 6, 2018, Plaintiff was examined by Defendant USCIS at the Houston Field Office and passed the English and U.S. history and government exam.

4. As of the date of filing this complaint, 190 days have passed since the examination, but Mr. Manjot has not received a response.

5. Mr. Manjot qualifies for U.S. citizenship. Furthermore, USCIS is in violation of 8 U.S.C. § 1447(b) since more than 120 days have passed since the date of the examination and USCIS has failed to make a determination on the matter.

6. In this petition, Plaintiff therefore asks this Court to take jurisdiction over the naturalization case under 8 U.S.C. § 1447(b), hold a hearing on the matter, and grant his U.S. citizenship, or in the alternative, remand the case with an order for USCIS to grant him U.S. citizenship.

7. In addition, should the commencement of future removal proceedings interfere with this Court's jurisdiction to grant the relief sought in this case, we petition the court to issue a writ of mandamus against Defendant USCIS to communicate whether Plaintiff is prima facie eligible for naturalization under 8 CFR §1239.2(f).

## PARTIES

8. Plaintiff Manjot Sohal is a citizen of India, a lawful permanent resident of the United States, and a resident of Houston, Texas.

9. Respondent Jefferson B. Sessions is the Attorney General of the United States, sued in his official capacity.

10. Respondent U.S. Department of Homeland Security ("DHS") is the parent agency of U.S. Citizenship and Immigration Services.

11. Respondent U.S. Citizenship and Immigration Services is the division of DHS charged with adjudicating applications for U.S. citizenship.

12. Respondent Mark Siegl is Houston Field Office Director of USCIS Houston Field Office. The Houston Field Office is tasked with adjudicating Plaintiff's Form N-400 Application for Naturalization. Respondent is sued in his official capacity.

## JURISDICTION

13. This action arises under 8 U.S.C. § 1447(b) which grants the United States District Court in which the applicant resides the right to apply for a hearing on the matter of his delayed naturalization determination.

14. Additionally, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed under 28 U.S.C. § 1331 and 5 U.S.C. § 702.

15. Additionally, this court has jurisdiction to compel an officer of the United States to perform his duty under 28 U.S.C. §1361.

## VENUE

16. Venue is proper in this district because this is "district in which the applicant resides." 8 U.S.C. § 1447(b).

17. Additionally, pursuant to 28 U.S.C. § 1391(e), venue is proper because Plaintiff's petition for naturalization is pending with Defendant USCIS Houston Field Office which "resides" in this district.

## FACTS AND BACKGROUND

18. Plaintiff is a native and citizen of India. He entered the United States on July 20, 2004 as a lawful permanent resident.

19. Plaintiff is currently employed as a Performance Advancement Coordinator with Halliburton Energy Services and has held various other positions with that company since June of 2011 including Senior Technical Professional and Technical Professional.

20. On October 16, 2009, Plaintiff pled guilty in the Brazos County 272nd District Court to attempted possession of a controlled substance, a Class A misdemeanor, and was sentenced to two years of deferred adjudication, 80 hours of community service, and a fine.

21. On October 13, 2011, the 272nd District Court entered an order discharging Plaintiff from community supervision.

22. On Dec. 5, 2016, Plaintiff filed Form N-400, Application for Naturalization.

23. On March 6, 2018, Plaintiff was examined by Defendant USCIS at the Houston Field Office and passed the English and U.S. history and government exam.

24. Since his examination, over 120 days have passed without a response from USCIS.

25. Plaintiff clearly qualifies for naturalization. He has been a permanent resident of the U.S. for 14 years. He resided continuously within the United States during the 5 years preceding his N-400 application, and he was also physically present in the United States during the entire period.

26. His sole conviction is also not a bar to naturalization. It does not preclude his good moral character under INA § 316 because the violation of law did not occur during the 5-year statutory period preceding the filing of his N-400 application. *See* INA 316(a). It is also not an "aggravated felony" under 8 C.F.R. § 316.10(b)(1)(ii) and INA § 101(a)(43)(B) because simple possession of a controlled substance does not qualify as "trafficking." *See Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010).

### FIRST CLAIM FOR RELIEF:

### 8 U.S.C. § 1447(b)

27. Petitioner re-alleges and incorporates by reference paragraphs 1 through 25 above.

28. Petitioner requests a hearing before the District Court in accordance with 8 U.S.C. § 1447(b).

4

29. Plaintiff asks this Court to take jurisdiction over his naturalization application under 8 U.S.C. § 1447(b) and grant his U.S. citizenship, or in the alternative, remand the case with an order for USCIS to grant him U.S. citizenship.

## SECOND CLAIM FOR RELIEF:

## MANDAMUS

30. Petitioner incorporates by reference paragraphs 1-28 above.
31. Should the commencement of future removal proceedings interfere with Defendant USCIS's and this Court's jurisdiction to grant the relief sought in this case, we petition the court to issue a writ of mandamus against Defendant USCIS to communicate whether Plaintiff is prima facie eligible for naturalization pursuant to 8 CFR §1239.2(f).

## PRAYER FOR RELIEF

Wherefore, Petitioner prays the Honorable Court grant the following relief:

A. Assume jurisdiction over this matter;

B. Grant Petitioner's request for a hearing under § 1447(b);

C. If necessity arises during the course of this matter, issue a writ of mandamus against Defendant USCIS to communicate whether Plaintiff is prima facie eligible for naturalization.

D. Grant such other relief as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Sept. 12, 2018.

/s/ Sheridan Green

_____

Sheridan Green
Attorney-in-Charge
State Bar # 24083103
SDT # 2433504
40 Cypress Creek Parkway, Ste. 349
(435) 668-9494